# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | CRIMINAL NO. 1:10-CR-128 |
| : | |
| v. : | (Chief Judge Conner) |
| : | |
| **JULIUS JAMES MONYOUKAYE,** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this 8th day of July, 2019, upon consideration of the motion (Doc. 174) filed *pro se* by defendant Julius James Monyoukaye ("Monyoukaye"), wherein Monyoukaye requests a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), which authorizes the court to reduce the sentence of "a defendant . . . sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and the court noting that Monyoukaye invokes Amendment 782 to the United States Sentencing Guidelines, which, together with Amendment 788, authorizes a retroactive reduction of the base offense level for most drug offenses, as well as the United States Supreme Court's decision in Hughes v. United States, 584 U.S. ___, 138 S. Ct. 1765 (2018), wherein the Court determined that a sentence imposed pursuant to a Rule 11(c)(1)(C) binding plea agreement "is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement," id. at 1775, and it appearing that Monyoukaye pled

guilty pursuant to a Rule 11(c)(1)(C) plea agreement, but it further appearing that Monyoukaye's sentencing range was based on his status as a career offender and the resulting career offender Guidelines range, not based on the drug quantity table and any applicable enhancements, and that, although Monyoukaye's sentence was thus "based on" the Guidelines as contemplated by <u>Hughes</u>, it was not "based on" a Guidelines range that was subsequently lowered by the Sentencing Commission as required for purposes of Section 3582(c), because Amendment 782 had no impact on Monyoukaye's career offender Guidelines range, and the court thus concluding that Monyoukaye's Section 3582(c) motion is without merit, it is hereby ORDERED that Monyoukaye's motion (Doc. 174) for reduction of term of imprisonment is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania